UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_09/24/2020__

NOOREDDIN NAGHIBOLHOSSEINI,

                Plaintiff,

      -against-

ROBERT HARALICK, LUIS PETINGI,
AMOTZ BAR-NOY, and GRADUATE
CENTER AT THE CITY UNIVERSITY OF
NEW YORK,

                Defendants.

1:19-cv-05348-MKV-KNF

OPINION AND ORDER
ADOPTING IN PART AND
MODIFYING IN PART
REPORT AND RECOMMENDATION
AND GRANTING MOTION TO DISMISS

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff Nooreddin Naghibolhosseini, a Ph.D. student from Iran, proceeding *pro se*, filed

this action on June 6, 2019, against the Graduate Center at the City University of New York and

three individual professors there (collectively, "Defendants"), alleging discrimination on the basis

of national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et

seq.* (Compl. [ECF No. 2].) On September 23, 2019, the Court (Caproni, *J.*) referred this case to

Magistrate Judge Fox. (Order Reference Magistrate Judge [ECF No. 8].) On January 6, 2020,

Defendants moved to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure

12(b)(1) and 12(b)(6). (Mot. Dismiss [ECF No. 20].) This case was reassigned to me on February

6, 2020. On April 9, 2020, Magistrate Judge Fox issued a Report and Recommendation

recommending that Defendants' motion to dismiss for lack of subject matter jurisdiction be

granted. (R. & R. [ECF No. 25].) Plaintiff filed a letter on April 24, 2020, objecting to the Report

and Recommendation (Objection R. & R. [ECF No. 26]), and Defendants filed a response on May

8, 2020 (Resp. Objection R. & R. [ECF No. 27].) Defendant has since filed nine additional letters

further objecting to the Report and Recommendation. (*See* ECF Nos. 28–36.) For the reasons

stated below, the Court adopts in part and modifies in part the Report and Recommendation and GRANTS Defendants' motion to dismiss.

## **LEGAL STANDARD**

In reviewing a Magistrate Judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Parties are given the opportunity to raise timely objections to the report and recommendation within fourteen days.  *Id.*  If a party timely files specific objections, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997).  But where "the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error."  *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-cv-6865-LTS-GWG, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citing *Pearson-Fraser v. Bell Atl.*, No. 01 Civ. 2343(WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); and *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y.1992)); *see also Alaimo v. Bd. of Educ. of the Tri-Valley Cent. Sch. Dist.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009) (citing *Renelique v. Doe*, No. 99 Civ. 10425, 2003 WL 23023771, at *1 (S.D.N.Y. Dec. 29, 2003)).  In reviewing a report and recommendation, a district judge will ordinarily not consider new arguments or evidence that could have been, but was not, presented before the magistrate judge.  *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137–38 (2d Cir.1994) (alteration in original) ("In objecting to a magistrate's report before the district court, a party has 'no right to present further testimony when it offer[s] no justification for not offering the testimony at the hearing before the magistrate.'" (quoting *Pan Am World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40 n.3

(2d Cir. 1990))); *Travelers Ins. Co. v. Estate of Garcia*, No. 00-cv-2130-ILG, 2003 WL 1193535, at *2 (E.D.N.Y. Feb. 4, 2003) ("[D]istrict courts will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance." (citing *United States v. Pena*, 51 F. Supp. 2d 364, 367 (W.D.N.Y. 1998); and *Robinson v. Keane*, No. 92 CIV. 6090(CSH), 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999); and *Abu-Nassar v. Elders Futures, Inc.*, 1994 WL 445638, at *4 n. 2 (S.D.N.Y. Aug. 17, 1994))).

The objections of *pro se* litigants "are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" *Howell v. Port Chester Police Station*, No. 09-CV-1651, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (quoting *Milano v. Astrue*, 05–CV–6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Id.* (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06–CV–5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

## DISCUSSION

Plaintiff's "objections" to the Report and Recommendation do not address specifically any findings in the Report and Recommendation. (*See* Objection R. & R.)  In his "objections," Plaintiff described unfortunate circumstances, including mental health issues, a stint in jail, and time spent at a homeless shelter, and requested an extension.  (*Id.*)  Thus, the Court has reviewed and considered Plaintiff's second submission in response to the Report and Recommendation. (*See* Letter from Pl. Dated 5/21/2020 [ECF No. 28].)  This letter does not raise any specific objections to the Report and Recommendation, let alone mention it.  (*See id.*)  Instead, it contains several

nasty, inappropriate anti-Semitic remarks directed at Defendants—which have no place in documents filed with the Court, much less in society—and provides e-mail correspondence between Plaintiff and one of the individual professor Defendants.  (*See id.*)[1]  Plaintiff's subsequent letters are similar.  (*See* ECF Nos. 29–36.)[2]  Because Plaintiff has failed to raise any specific objections to specific findings, the Court reviews the Report and Recommendation for clear error.  *See Indymac Bank*, 2008 WL 4810043, at *1.

Having carefully reviewed the Report and Recommendation and underlying record, the Court agrees with Magistrate Judge Fox's recommendation of dismissal.  First, the Court agrees that despite the procedural defects in Defendants' motion and Plaintiff's opposition, it was appropriate for Magistrate Judge Fox to consider the merits of the motion, to "secure the just and speedy determination of the action, as contemplated by Rule 1 of the Federal Rules of Civil Procedure."  (R. & R. 3–4.)  *See* Fed. R. Civ. P. 1; *Torres v. Bellevue S. Assocs. L.P.*, No. 16-CV-2362, 2020 WL 3377797, at *4 (S.D.N.Y. June 18, 2020) (alterations omitted) (rejecting magistrate judge's recommendation to deny motion for procedural defects because doing so "would be contrary to Rule 1's objective of ensuring 'speedy and inexpensive determinations'" (quoting *Automatic Sys. Developers, Inc. v. Sabratek Corp.*, No. 93 CIV. 7149 (VLB), 1994 WL 62127, at *1 (S.D.N.Y. Feb. 15, 1994))); *Weinstein v. Cardis Enters. Int'l N.V.*, 284 F. Supp. 3d 240, 245 (E.D.N.Y. 2017) (overruling objection and affirming magistrate judge's decision to

---

[1] Specifically, Plaintiff wrote, "I was circulated in the hands of the criminal Jews in the Graduate Center." (Letter from Pl. Dated 5/21/2020 at 1.) He wrote further, "Jews were not honest, they took a lot of time from me and put me in a nervous mental situation. I want a lawyer, a hotel room to live and enough money to be able to properly complain against the criminal Jews." (*Id.*) Plaintiff concluded his letter by stating that "the Jews will receive their answer in this life. For the afterlife, for sure they will burn in the hellfire for eternity." (*Id.*)

[2] In another letter, Plaintiff wrote that "his mental state . . . was directly damaged because of the inhumane acts of the Jews in the school." (Letter from Pl. Dated 8/22/20 at 1 [ECF No. 36].) He also explained that he "was sleeping next to a Jew in the dorm and [he] was in the same cell with a Jew after the spread of the pandemic." (*Id.*) He alleged that there was "testing on [his] brain and the Jews were involved." (*Id.* at 2.)

address motions to dismiss notwithstanding procedural defects in motions); *see also Dietz v. Bouldin*, __ U.S. ___, 136 S. Ct. 1885, 1892–93 (2016) (noting that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases" (collecting cases)).  Excusing the procedural defects is particularly appropriate here given Plaintiff's *pro se* status.

Second, with respect to the merits of Defendants' motion, the Court agrees with Magistrate Judge Fox that dismissal is proper but disagrees with Magistrate Judge Fox's reasoning. Magistrate Judge Fox concluded:

> Inasmuch as the plaintiff failed to file a complaint with the EEOC and receive a 'Notice of Suit Rights' from that agency before commencing his Title VII action . . . , the court lacks subject-matter jurisdiction in the instant case.  Therefore, granting the branch of the defendants' motion that is based on Fed. R. Civ. P. 12(b)(1) is warranted."

(R. & R. 4.)

As Magistrate Judge Fox recognized, "Before bringing a Title VII suit in federal court, an individual must first present 'the claims forming the basis of such a suit . . . in a complaint to the EEOC or the equivalent state agency.'" *Littlejohn v. City of New York*, 795 F.3d 297, 322 (2d Cir. 2015) (ellipsis in original) (quoting *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006) (per curiam).  But exhausting administrative remedies by obtaining a Notice of Right to Sue letter from the EEOC is *not* a jurisdictional prerequisite to a Title VII claim.  *See Fort Bend County v. Davis*, __ U.S. ___, 139 S. Ct. 1843, 1850 (2019); *Littlejohn*, 795 F.3d at 322 n.19 ("While Littlejohn's failure to exhaust her administrative remedies did justify the dismissal of the claim, it was not for lack of jurisdiction." (citing *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000))).  Instead, "the burden of pleading and proving Title VII exhaustion lies with defendants and operates as an affirmative defense."  *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018).  "Affirmative defenses may be considered on a motion to dismiss 'where the

defense appears on the face of the pleading and the documents incorporated therein.'" *Ashmeade v. Citizens Bank*, No. 17-cv-8994 (JGK), 2018 WL 3093963, at \*6 (S.D.N.Y. June 22, 2018) (quoting *Jones v. Bloomingdale's*, No. 17-cv-1974, 2018 WL 1281819, at \*3-4 (S.D.N.Y. Mar. 8, 2018)).

Dismissal of Plaintiff's claim is proper because the pleadings evidence Plaintiff's failure to exhaust his administrative remedies. Plaintiff states clearly on the face of the complaint that he did not file a charge of discrimination against Defendants with the EEOC and that he had not received a Notice of Right to Sue from the EEOC. (*See* Compl. 6.) In addition, Defendants argued in their motion that Plaintiff's claim should be dismissed for Plaintiff's failure to exhaust his administrative remedies. (Mem. Supp. Mot. Dismiss 3–4, 3 n.5. [ECF No. 20].) Plaintiff did eventually obtain a Notice of Right to Sue from the EEOC two months *after* he commenced this action. (*See* Letter Dated 8/16/2019 [ECF No. 5].) The Court is mindful of Plaintiff's *pro se* status and recognizes that the requirement that Plaintiff obtain a Notice of Right to Sue *before* commencing a Title VII action "is subject to waiver, estoppel, and equitable tolling." *Hardaway*, 879 F.3d at 491 (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). However, no good cause exists to waive this requirement here. (*See supra* notes 1–2.) Accordingly, the Court agrees with Magistrate Judge Fox's recommendation that this case should be dismissed.

## <u>CONCLUSION</u>

The Court, having carefully reviewed the Report and Recommendation and underlying record, agrees with Magistrate Judge Fox's recommendation that dismissal of this case is warranted. For the reasons discussed above, it is HEREBY ORDERED that the Court ADOPTS IN PART AND MODIFIES IN PART the Report and Recommendation and GRANTS Defendants' motion to dismiss. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

**Date:  September 24, 2020**
**        New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**